OPINION. Black, Judge: Some more or less minor adjustments which the Commissioner made to the income as reported by petitioners on their joint returns have been conceded by petitioners and are no longer in issue. We have only one issue to decide and that issue may be stated thus: Were the payments by the petitioners pursuant to the contract set out in our Findings of Fact made in consideration of the acquisition of the medical practice of .Richard J. Brown, M. D., deceased, including his office equipment, record cards of his patients, etc., and therefore capital expenditures as the Commissioner has determined in his deficiency notice, or were these payments made to Stella for services rendered by her to petitioner and deductible by petitioner as ordinary and necessary business expenses as petitioners contend? Petitioners contend that the contract lacks clarity and therefore resort can be had to other sources for its meaning. In support of their contention petitioners cite Wilson Athletic Goods Mfg. Co. v. Commissioner, 222 F. 2d 355. In that case the United States Court of Appeals for the Seventh Circuit said: But in tax matters we are not bound by the strict terms of the agreement; we must examine the circumstances to determine the actualities and may sustain or disregard the effect of a written provision or of an omission of a provision, if to do so best serves the purposes of the tax statute. Higgins v. Smith, 308 U. S. 473, * * * At the hearing of this proceeding we were mindful of the foregoing rule and petitioner testified fully in his own behalf as to the transaction. We also heard the testimony of Stella, executrix of the estate, as a witness for respondent. We do not think that there was any material conflict in their testimony. We think their version of the contract was to the same effect, namely, that the contract represented the intention of the parties and that it has been carried out according to its terms. Paragraph 5 (a) of the petition reads as follows: 5. The facts-upon which the petitioners rely as a basis for the proceeding are as follows: * * * * * * * a. By an agreement dated February 26,1942, Stella Brown, the executrix of the estate of Richard J. Brown, a deceased physician, agreed to sell to the petitioner Alfred Meurlin, a physician, the practice of her husband in the following manner: By permitting the petitioner to use the records of the said practice by making available to the petitioner the names and addresses of all patients, and by assisting the petitioner in other ways necessary for an ordinary transition of the practice. The testimony of both petitioner and Stella shows that petitioners in the foregoing statement in their petition correctly summarized the transaction. It is clear to us that at no time was Stella an employee of petitioner’s. Such services as she rendered him were incidental to the carrying out of the contract. She was not a nurse, she rendered him no assistance in his medical practice in the sense of helping him look after his patients. It is true that for a period of 3 months after petitioner purchased Richard’s practice and moved into Richard’s office and prior to the time that Stella moved out of the residence which had been sold to petitioner, she answered the telephone calls which came in and directed former patients of her deceased husband’s to petitioner and recommended petitioner to them as a competent physician. She continued to do this to some extent after she moved to another residence. These things were done by Stella in pursuance of paragraphs 2 and 5 of the contract. These were incidental things which Stella had agreed to do in pursuance of the sale of her late husband’s practice to petitioner. Ás we view it, the doing of these things in no sense had the effect of making Stella, either directly or indirectly, an employee of petitioner’s and would not be sufficient to make deductible as ordinary and necessary business expenses the $1,350 which petitioner paid to Stella, as executrix, in each of the taxable years in pursuance of the terms of the contract. Petitioners, in their returns for 1946 and 1948, listed the $1,350 in question with other items of deduction from the gross receipts of petitioner’s practice. The $1,350 item was listed “Annual payment for Purchase Practice, Dr. R. J. Brown.” It is true, of course, as petitioners contend, that if they wrongly characterized the deduction in their returns such fact would not in any sense estop them from showing that it was something else. In other words, if the $1,350 in question did not represent purchase price for a medical practice but, in fact, represented money which petitioner paid to Stella for services which she rendered him, it was permissible for petitioners to show that fact at the hearing. But wé do not think they have made any such showing. From a careful consideration of all the evidence, we think it is clear that the $1,350 payment in each of the years was a capital expenditure and was not deductible. See Dime Bank of Lansford, Pa., 20 B. T. A. 250; cf. Richard S. Wyler, 14 T. C. 1251. On the facts, we think decision must be for the respondent. We so Decision mil be entered for the respondent.